(92 South. 915)

## NAMIE v. STATE.   (8 Div. 860.)

(Court of Appeals of Alabama.   April 18, 1922.)

**1. Criminal law ⬅═366(6)—Statement of deceased held not a part of the res gestæ.**

In a prosecution for murder, the sustaining of an objection to a question asked by defendant of a state's witness, "When you saw deceased there, where he was shot, did he say in substance, 'The sucker beat me to it?'" was proper; no evidence showing that the statement was made so close in point of time as to be a part of the res gestæ.

**2. Criminal law ⬅═364(6)—Statement of defendant held not a part of the res gestæ.**

In a prosecution for murder, the sustaining of an objection to the question, "Did the defendant ask for any officers to go back and search for the negro?" asked defendant's witness by defendant himself, was proper, where it appeared that the statement of defendant was not made so close in point of time as to be a part of the res gestæ.

**3. Homicide ⬅═300(7)—Instruction that character of deceased should be considered in determining whether defendant had reasonable cause to apprehend danger held properly refused, as abstract.**

In a prosecution for murder, an instruction that the character of deceased should be con-sidered, and given such weight as may be deemed proper, under the evidence, in determining whether he gave defendant reasonable cause to apprehend such danger as to justify his acts of wounding deceased on the ground of self-defense, *held* properly refused, as being abstract.

**4. Criminal law ⬅═782(7)—Argumentative instruction concerning conclusions to be drawn from the evidence held properly refused.**

In a prosecution for murder, an instruction that the jury must have not only justifying reasons for a conclusion of guilt, and not only must be able to say, on reason, that the defendant is guilty, but this conclusion must present itself to their minds with such force that they are unable to find in the evidence any reason for a contrary conclusion, *held* properly refused, as argumentative.

Appeal from Circuit Court, Morgan County;   Robert C. Brickell, Judge.

Charlie Namie was convicted of manslaughter in the second degree, and he appeals.   Affirmed.

The following charges were refused the defendant:

"(K) The character of the deceased is a proper matter for your consideration, and you should give it such weight as you deem proper under the evidence, in determining whether or not he by his acts at the time of the wounding gave the defendant reasonable cause to apprehend such danger as to justify his acts of wounding on the grounds of self-defense, according to the law on that subject as stated in these instructions."

(35) Identical with charge K.

"(7) I charge you that you must have not only justifying reasons for a conclusion of guilt, and not only must you be able to say upon reason that the defendant is guilty, but this conclusion must press itself upon your minds with such convincing clearness and force that you are unable to find in the evidence introduced before you any reason for a contrary conclusion."

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

MERRITT, J.   Under an indictment which charged murder in the first degree, the defendant was convicted of manslaughter in the second degree.

[1] There was no error in sustaining the state's objection to the question propounded by the defendant to the witness Phil Williams, on cross-examination, "When you saw him [deceased] there, where he was shot, did he say in substance, 'The sucker beat me to it'?"   There is nothing to show that this statement, if made, was so close in point of time as for it to be a part of the res gestæ.

[2] This is also true of the statement sought to be proven by the defendant's witness Kilgore, when he was asked, "Did the

---

⬅═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

defendant ask for any officers to go back and search for the negro?" Aside from its immateriality, it appears that this was some time after the shooting.

There were many written charges refused to the defendant, which charges dwelt with the law governing one's rights and duties, when making an arrest of one who has committed a felony.

The defendant's testimony shows that, on the night of the killing, deceased came to his store, and, after purchasing some articles, he presented defendant a check for $25, and that, after deducting the amount of the purchase, he (defendant) paid the remainder over to deceased; that shortly thereafter defendant found that the check was issued originally for $4.10, and that deceased had raised it to $25. Defendant then went in search of the deceased, and found him at the depot in Decatur, where the killing took place. Assuming, then, that there was some testimony that the defendant was attempting to arrest the deceased for the commission of this felony at the time deceased was shot, although the defendant testified, "I shot the man in self-protection, in self-defense, and not to get my money back, and I did not shoot him to keep him from running off and getting away from me," the defendant cannot complain at the refusal to give written charges refused to him declaring the law on this phase of the testimony, for the reason that the oral charge of the court fairly, clearly, and correctly stated the law in this respect. We may state that the testimony for the state tended to show a most cruel and heartless murder.

[3] Refused charges K and 35 are abstract. Refused charges, 32, 2, 49, 6, 15, 39, 27, 26, 17, 25, 12, and 11, when they correctly state the law, are fairly and substantially covered by the court's oral charge.

[4] Refused charge 7 is argumentative.

There is no error in the record, and the judgment is affirmed.

Affirmed.